IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seantain Cook, | No. CV-23-00688-PHX-KML (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") in this civil rights action recommending plaintiff's motions to amend her complaint be granted in part and denied in part. (Doc. 96.) Plaintiff filed objections to the R&R. (Doc. 99.) Plaintiff also filed a motion for injunctive relief. (Doc. 72.) This order addresses the R&R and the request for injunctive relief.

**I.    Objections to R&R**

In reviewing an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

Plaintiff objects to the recommended dismissal of counts one, four, six, and seven. (Doc. 99 at 14-24.) Plaintiff does not challenge the remaining portions of the R&R and

they are adopted. *Reyna-Tapia*, 328 F.3d at 1121.

The R&R recommends dismissal of count one because the underlying events—which occurred before February 2018—are barred by the statute of limitations. (Doc. 96 at 6-7.) Plaintiff believes because she was serving criminal sentences through 2021, her claims did not yet accrue. (Doc. 99 at 16.) That is incorrect; Ariz. Rev. Stat. § 12–502 no longer provides for tolling due to incarceration. Plaintiff also makes conclusory allegations about exhausting her administrative remedies. (Doc. 99 at 16-17.) But although exhaustion could toll the statute of limitations, plaintiff introduces no specific facts reflecting her efforts to exhaust took more than three years and none are apparent from the record. These objections are overruled.

In count four, plaintiff objects to the recommended dismissal of defendant Christina Cheng, arguing prior medical records reflected a higher dose of gabapentin than plaintiff was ultimately prescribed by Cheng. Even accepting plaintiff previously received a higher dose of gabapentin, there are no additional facts to overcome the conclusion Cheng's course of treatment constitutes a difference of opinion that does not rise to the level of deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Nor does plaintiff allege any additional facts against defendant Edmund that would give rise to supervisory liability. Plaintiff's objections as to count four are overruled.

For count six plaintiff offers no meaningful arguments regarding the R&R's recommendation but even reviewed de novo, the R&R is correct. As for count seven, the R&R recommended defendants Centurion and Naphcare be required to answer. (Doc. 96 at 23.) To the extent plaintiff wished to object to that recommendation, it is overruled and count seven will proceed.

Having overruled all of plaintiff's objections, the R&R is adopted.

**II.   Motion for Temporary Restraining Order**

Plaintiff also filed a motion for temporary restraining order or preliminary injunction. (Doc. 72.) She attached nearly 400 pages of medical records dating back as early as 1991. Those records reflect plaintiff was diagnosed with epilepsy shortly after

birth, as well as hydrocephalus, and a ventriculoperitoneal (VP) shunt was placed. Plaintiff continues to experience seizures and takes various medications to attempt to control them. Plaintiff seeks injunctive relief to "prevent any further injuries [or] micro vascular ischemic disease and/or irreparable brain damage." (Doc. 72 at 2.)

A plaintiff seeking a preliminary injunction must show (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

At this juncture, plaintiff fails to show a likelihood of success on the merits or immediate irreparable injury will result absent an injunction. Most of plaintiff's motion addresses medical care received from 2019-2021, which does not establish she is entitled to emergency injunctive relief now. The motion lacks any specific allegations that plaintiff's current treatment is deliberately indifferent, or she is in danger of imminent irreparable injury. Moreover, defendants' evidence reflects plaintiff had an outside neurological consultation and examination on October 9, 2024, which showed plaintiff's cerebellar exam and cranial nerves were normal and her head was "normocephalic." (Doc. 76-1 at 103-04.) The October 2024 notes do reflect "shunt discontinuity distal to valve" and recommended a shuntogram to "assess for any potential flow." (Doc. 76-1 at 103-04.) Defendants contend plaintiff was scheduled for a shuntogram that was rescheduled due to transportation challenges, but it is unclear whether that imaging has occurred.

Even so, there is insufficient evidence on this record that the failure to receive the shuntogram constitutes deliberate indifference given plaintiff's most recent neurological exam was normal.[1] Plaintiff must demonstrate that, absent an injunction, she will be exposed to irreparable harm. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *see Winter*, 555 U.S. at 22. "[T]here must be a presently existing threat

---

[1] Plaintiff's reply repeatedly focuses on defendants' alleged failure to obtain her complete medical records. (Doc. 90 at 26.) But plaintiff does not clearly explain the relevance of the alleged missing records. And because of plaintiff's recent normal neurological examination and her pending shuntogram, it is far from clear that the lack of some of plaintiff's prior medical records would alter this court's decision to deny injunctive relief at this time.

of harm, although injury need not be certain to occur." *Villaneuva v. Sisto*, CIV S-06-2706 LKK EFB P, 2008 WL 4467512, at *3 (E.D. Cal. Oct. 3, 2008) (citing *FDIC v. Garner*, 125 F.3d 1272, 1279–80 (9th Cir. 1997)). To support a mandatory preliminary injunction for specific medical treatment, a plaintiff must demonstrate ongoing harm or the present threat of irreparable injury, not a past injury. *See Conn. v. Mass.*, 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries"); *Caribbean Marine*, 844 F.2d at 674. Delays in necessary treatment and pain can constitute irreparable harm. *See Rodde v. Bonta*, 357 F.3d 988, 999 (9th Cir. 2004) (irreparable harm includes delayed and/or complete lack of necessary treatment, and increased pain). But the evidence reflects plaintiff's symptoms and imaging were stable as of her October 2024 neurological consultation and plaintiff does not introduce any evidence her conditioned has worsened. To the extent plaintiff contends the failure to have yet undergone a shuntogram constitutes deliberate indifference, that harm is too speculative to support imminent irreparable injury. *Caribbean Marine*, 844 F.2d at 674.

Because the plaintiff bears the burden of "demonstrat[ing] that [he] meets all four" factors to obtain a preliminary injunction, *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011), and plaintiff has failed to satisfy the first or second factors, her motion for injunctive relief must be denied without prejudice. Defendants are, however, required to notify the court whether the shuntogram approved in December 2024 has been performed, and to submit any imaging reports, notes, and related recommendations from any follow-up neurological visits. If the shuntogram has not yet been performed, defendants must notify the court of approximately when it will be performed, and once performed, submit any imaging reports, notes, and related recommendations from any follow-up neurological visits.

**IT IS ORDERED** plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 72) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** defendant NaphCare must file a Notice **within 14 days** indicating whether the shuntogram approved in December 2024 has occurred.

Defendant NaphCare must also submit any imaging reports, notes, and related recommendations from any follow-up neurological visits. If the shuntogram has not yet been performed, defendant NaphCare must file a Notice **within 14 days** indicating approximately when it will be performed, and **within 14 days after it is performed**, submit any imaging reports, notes, and related recommendations from any follow-up neurological visits.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 96) is **ADOPTED** and plaintiff's fourth motion to amend (Doc. 48) is **GRANTED**. Plaintiff's Objections (Doc. 99) are **OVERRULED**.

**IT IS FURTHER ORDERED** the clerk of court must file the fourth amended complaint lodged at Doc. 49.

**IT IS FURTHER ORDERED** the motion to amend at Doc. 66 is **DENIED** for the reasons stated in the R&R. (Doc. 96 at 4.)

**IT IS FURTHER ORDERED** counts one and six of the fourth amended complaint and defendants Cheng, Edmund, Richard Espinoza, Tina Watts, John Underwood, Grant Phillips, Wendy Orm, John Doe #1, Jane Doe #1, and Jane Doe #2 are **DISMISSED**.

**IT IS FURTHER ORDERED** defendants King, Elijah,[2] and Centurion must respond to count two.

**IT IS FURTHER ORDERED** defendants Coronado, Conkle, and Centurion must respond to count three.

**IT IS FURTHER ORDERED** defendant Centurion must respond to count four.

**IT IS FURTHER ORDERED** defendants Dauod, Joshua, Centurion, and Naphcare must respond to count five.

**IT IS FURTHER ORDERED** defendants Centurion and Naphcare must respond to count seven.

**IT IS FURTHER ORDERED** served defendants Centurion and Naphcare must file their respective responsive pleadings to the fourth amended complaint within 10 days

---

[2] The R&R refers to one defendant as "Elijah Ittoro" (Doc. 96 at 9) but it appears the correct name is "Elijah Ittoro" (Doc. 49 at 2). The court refers to this defendant as "Elijah."

of this order.

**IT IS FURTHER ORDERED** the clerk of court must send plaintiff a service packet including the fourth amended complaint (Doc. 49), this Order, and both summons and request for waiver forms for defendants King, Elijah, Coronado, Conkle, Dauod, and Joshua.

**IT IS FURTHER ORDERED** Plaintiff must complete[3] and return the service packet for defendants King, Elijah, Coronado, Conkle, Dauod, and Joshua to the clerk of court within 21 days of the date of filing of this order. The United States Marshal will not provide service of process if plaintiff fails to comply with this order.

**IT IS FURTHER ORDERED** if plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and fourth amended complaint on defendants King, Elijah, Coronado, Conkle, Dauod, and Joshua within 60 days of the filing of this order, the action may be dismissed as to each defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

**IT IS FURTHER ORDERED** the United States Marshal must retain the summons, a copy of the fourth amended complaint, and a copy of this order for future use.

**IT IS FURTHER ORDERED** the United States Marshal must notify defendants King, Elijah, Coronado, Conkle, Dauod, and Joshua of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to defendants must include a copy of this Order.

**IT IS FURTHER ORDERED** if defendants King, Elijah, Coronado, Conkle, Dauod, or Joshua agree to waive service of the summons and fourth amended complaint, that defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service**

---

[3] If a defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

**IT IS FURTHER ORDERED** the Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, fourth amended complaint, and this Order upon defendant pursuant to 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the summons, fourth amended complaint, or this order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** defendants King, Elijah, Coronado, Conkle, Dauod, and Joshua must answer the fourth amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

/

/

/

/

**IT IS FURTHER ORDERED** any answer or response must state the specific defendant by name on whose behalf it is filed. The court may strike any answer, response, or other motion or paper that does not identify the specific defendant by name on whose behalf it is filed.

Dated this 17th day of June, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge